*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* QUINTON, Minors.

UNPUBLISHED
March 11, 2026
1:16 PM

No. 375483
Livingston Circuit Court
Family Division
LC No. 2023-016562-NA

Before: KOROBKIN, P.J., and YATES and FEENEY, JJ.

PER CURIAM.

In 2024, this Court reversed the trial court's decision to exercise jurisdiction over the three children of respondent-father, i.e., AQ, TQ, and WQ, and this Court remanded the case for further proceedings. See *In re Quinton*, unpublished per curiam opinion of the Court of Appeals, issued September 19, 2024 (Docket No. 369361). The trial court subsequently conducted a jury trial on a new petition at the adjudication stage, and the jury found grounds for the exercise of jurisdiction over the children under MCL 712A.2(b). Respondent-father appeals of right, contending that the evidence presented at trial was insufficient to support the jury's verdict. We affirm.

## I. FACTUAL BACKGROUND

Respondent-father's children were the subjects of a prior petition filed by the Department of Health and Human Services (DHHS) to remove the children from his care. This Court reversed the trial court's exercise of jurisdiction, *id.* at 2, and following the creation of a transition plan, the children were returned to respondent-father's care on November 7, 2024. But after one night with all three children, when AQ (the oldest child) could not sleep and asked to go "home," respondent-father became concerned about what the children were experiencing. He considered allowing the children's former foster parents to adopt them, and then he decided to return all the children to the custody of their former foster parents, with whom he had a good relationship. Respondent-father returned the children to the former foster parents on November 8, 2024. According to respondent-father, he wanted to give the three children a stable environment while he considered the possibility of an open adoption. But he was adamant that he did not want the DHHS involved in the process because of his prior negative experience with the DHHS.

By all accounts, the children have serious medical needs. A DHHS representative testified that they had approximately 80 or 90 appointments between October and December 2024. During a team meeting on November 21, 2024, respondent-father was asked to sign a medical power of attorney permitting the former foster parents to schedule medical appointments for the children. Respondent-father refused because he wanted to participate in medical decisions for the children. An investigation was closed after respondent-father said that he would make sure that the children could obtain medical care even when he was not present. Despite his promise, the custodians were still unable to schedule the children's medical appointments. Therefore, the DHHS filed a petition alleging that respondent-father was placing the children at a substantial risk of harm by failing to provide them with proper support. At the adjudication trial in March 2025, the jury found that one or more of the statutory grounds for jurisdiction had been met regarding each of the children.

## II. LEGAL ANALYSIS

On appeal, respondent-father contends that no reasonable juror could have found that the circuit court had jurisdiction over his children because he placed the children with their custodians and ensured that the children received proper medical care. This Court reviews a challenge to the sufficiency of the evidence in a child-neglect proceeding by analyzing whether a rational trier of fact could find that the trial court has jurisdiction over the child by a preponderance of the evidence. *In re Sluiter*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 368266); slip op at 12. This Court must view the evidence in the light most favorable to the petitioner and draw reasonable inferences in favor of the petitioner. *Id*. at ___; slip op at 12. Also, this Court must defer to the jury's credibility determinations. *Id*.

A circuit court has jurisdiction over a juvenile under 18 years of age "[w]hose parent . . . , when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, [or] who is subject to a substantial risk of harm to his or her mental well-being . . . ." MCL 712A.2(b)(1). Specifically, "neglect" means "harm to a child's health or welfare by a person responsible for the child's health or welfare that occurs through negligent treatment, including the failure to provide adequate food, clothing, shelter, or medical care, though financially able to do so . . . ." MCL 722.602(1)(d).

Here, after respondent-father placed his children with their custodians, he refused to sign a medical power of attorney that would have furnished the custodians with the legal authority to act on the children's behalf, including scheduling or approving medical treatment. After respondent-father refused to do so, the children's custodians were not able to schedule medical appointments for the children. Respondent-father acknowledged that the custodians had been unable to schedule medical appointments for the children for almost a month. Viewing that evidence in the light most favorable to petitioner, we believe that a reasonable jury could have found that a preponderance of the evidence established that respondent-father did not provide the children with necessary medical care.

Petitioner further alleged other statutory grounds for jurisdiction, including abandonment and failure to provide housing and other necessary care. We emphasize that a child is not without proper custody or guardianship when "a parent has placed the juvenile with another person who is legally responsible for the care and maintenance of the juvenile and who is able to and does provide the juvenile with proper care and maintenance." MCL 712A.2(b)(1)(C). But petitioner need not

prove all possible statutory grounds to support the exercise of jurisdiction. *Sluiter*, ___ Mich App at ___; slip op at 12. Therefore, our decision is based solely on a reasonable jury's ability to find that respondent-father failed to provide the children with necessary medical care.

Affirmed.

/s/ Daniel S. Korobkin
/s/ Christopher P. Yates
/s/ Kathleen A. Feeney